UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

FREDDY ADAMS,

                Plaintiff,

vs.

NEXT LEVEL HOSPITALITY
SERVICES, LLC,

                Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446, Defendant Next Level Hospitality Services, LLC., (collectively "Defendant" or "Next Level"), hereby files this Notice of Removal of this action to the United States District Court for the Middle District of Florida. In support of this Notice, Defendant states:

    **1.**    **State Court Action**

Freddy Adams ("Plaintiff") filed this action on September 17, 2021, in the Fifth Judicial Circuit Court in and for Sumter County Florida, styled *Freddy Adams vs. Next Level Hospitality Services, LLC,* and designated Case No. 2021 CA 000526 (the "Action"). *See* Complete State Court file, attached as Exhibit A.

    **2.**    **Defendant's Receipt of Plaintiff's Complaint**

Copies of the Summons and Complaint were served on January 7, 2022. *See* Service of Process Cover Sheet, Exhibit B.

### 3. Nature of The Action

Next Level employed Plaintiff as a Floor Technician at its Wildwood, Florida location. Plaintiff claims that Next Level fostered a hostile work environment and that he was subjected to racial harassment, which included his termination from Next Level. *See* Exhibit A, Complaint, at ¶¶ 14-15, 17, 21

### 4. Federal Jurisdiction-Diversity

This Action is removable under 28 U.S.C. §1441(a) because the district court has original jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

This Court has diversity jurisdiction. Pursuant to 28 U.S.C. §1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between 'citizens of different States.'"

First, Plaintiff and Defendant are citizens of different states. Plaintiff is a resident of the State of Florida for purposes of 28 U.S.C. §1332(a)(1). *See* Exhibit A, Complaint, at ¶ 5. Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Defendant Next Level Hospitality Services, LLC is a Delaware limited liability corporation with a

principal place of business in Ridgefield Park, New Jersey.[1] Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

Second, while Defendant denies that Plaintiff is entitled to any damages at all, Plaintiff's allegations satisfy the $75,000 jurisdictional amount-in-controversy requirement. To begin, Plaintiff brings "claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest." *See* Exhibit A, Complaint, at ¶ 3. In addition, Plaintiff seeks punitive damages and injunctive relief. *Id* at *ad damnum* clauses, generally. Plaintiff, moreover, Plaintiff seeks "attorney's fees (including expert fees), and costs," as well as "such other further relief as being just and proper." *Id* at *ad damnum* clauses, generally. Thus, although Plaintiff has not alleged an exact total value of the amount in controversy, it may be presumed, based on the pleadings alone, that it exceeds $75,000. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)(where the plaintiff has made an unspecified demand for damages in state court, the removing defendant need only establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount for diversity jurisdiction); *Angrignon v. KLI, Inc.,* Case No. 08-cv-81218, 2009 WL 506954, at *3 (S.D. Fla. Feb. 27, 2009) (quoting *Leonard v. Enter. Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002)) ("Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement").

---

[1] Next Level Hospitality, LLC's corporate formation documents are available for viewing on the State of Delaware's Department of State, Division of Corporations web page at File #6521141
https://icis.corp.delaware.gov/eCorp/EntitySearch/NameSearch.aspx

A federal court considering a petition for removal is *not* limited to reviewing the explicit allegations in the complaint; it also may reasonably interpret the allegations. *See Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 (11th Cir. 1982) (federal question jurisdiction); *see also Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976) (removal); *accord* 14A Charles Alan Wright, Arthur R. Traverso & Edward H. Cooper, *Federal Practice & Procedure* ¶3725, at 423-24 (2d ed. 1985). Here, a reasonable reading of the types of injuries for which Plaintiff seeks to recover indicate that he is seeking damages that are "more likely than not" in excess of $75,000. Indeed, Plaintiff seeks the following damages from Defendants: emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay,[2] interest on pay, and other benefits. Plaintiff further alleges that these damages have occurred in the past, are permanent and continuing and he is entitled to injunctive relief. *See* Exhibit A, Complaint at *ad damnum* clauses, generally.

Considering Plaintiff's demand for lost wages together with his demand for numerous other forms of relief, the amount in controversy is met for purposes of removal based on diversity.[3]

---

[2] Plaintiff was terminated in December 2019. *See* Exhibit A, ¶11. As a result, Plaintiff has already incurred approximately 26 months of potential back pay to date. According to Next Level's payroll records, Plaintiff earned $13.00/hour plus benefits and worked approximately 37.5 hours per week on average. *See* Exhibit C, Declaration of Debbie Martone. If this case were to go to trial in 12 months, Plaintiff would likely seek at least four years of back pay (approximately $93,600). Additionally, even just one year of front pay would be approximately $23,400 in lost wages alone.

[3] This information is provided for jurisdictional analysis only. Next Level vigorously denies Plaintiff's entitlement to any damages in this case.

### 5. Federal Jurisdiction – Federal Question

This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Furthermore, pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine "whether a federal cause of action is present in a state court Complaint, a federal court examines whether the 'well pleaded complaint' relies on a federal question." *Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6 (2003).

If a complaint raises a colorable federal question, then the case may be removed to federal court under 28 U.S.C. § 1441. Plaintiff originally filed a charge alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") with the federal Equal Employment Opportunity Commission ("EEOC"). In his Complaint, Plaintiff likewise alleges claims against Defendant under Title VII. *See* Exhibit A, at ¶¶ 1-2, 7-10, 22-24, 32-44, 51-65. Because Plaintiff, on the face of his Complaint, explicitly alleges causes of action under Title VII, Defendant may remove this action pursuant to 28 U.S.C. § 1441 because it arises under a law of the United States.

Further, supplemental jurisdiction over Plaintiff's remaining claims is proper because all of Plaintiff's claims arise out of the same alleged nucleus of operative facts – Plaintiff's employment with Next Level as alleged in the Complaint – and, therefore, form part of the "same case or controversy." *See* 28 U.S.C. §1367 ("[I]n any civil action of which the district

courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *see also* 28 U.S.C. §1441(c).

Plaintiff alleges that Defendant violated Title VII and the FCRA by subjecting him to a racially hostile workplace and terminating his employment based on his race. *See* Exhibit A, at ¶¶, 22-24, 32-44, 51-65. Thus, the Court may properly exercise supplemental jurisdiction over Plaintiff's FCRA claims because they form part of the same case or controversy as his Title VII claims.

In short, this Court has original jurisdiction over Plaintiff's Title VII claims and supplemental jurisdiction over his FCRA claims, and this action may be removed on federal question jurisdiction.

### 6. Venue

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff initiated this Action in the Fifth Judicial Circuit Court in and for Sumter County, Florida, and Next Level employed Plaintiff in Sumter County, Florida. Accordingly, venue is proper in the Middle District of Florida, Ocala Division. *See* 28 U.S.C. § 1441(a).

### 7. Timeliness of Notice of Removal

Removal is timely under 28 U.S.C. §1446(b) because it has been less than thirty days since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This removal

is being filed on January 25, 2022—less than thirty days from January 7, 2022, which is the date Plaintiff served the Summons and Complaint.

## 8. State Court Pleadings

Pursuant to 28 U.S.C. §1446(a) and Local Rule 1.06(b), Next Level is filing copies of all process, pleadings, and orders existing on file in the State Court with this Notice of Removal. Copies of these removal documents are attached to this Notice of Removal as Exhibit A.

## 9. Notice to State Court and Plaintiff

Pursuant to 28 U.S.C. §1446(d), along with this Notice of Removal, Next Level is providing written notice to Plaintiff by and through his counsel and will timely file a copy of this Notice of Removal with the Clerk of the Fifth Judicial Circuit Court in and for Sumter County, Florida.  A copy of the Notice of Filing Notice of Removal, without attachments, is attached as Exhibit D.

Dated this 25th day of January, 2022.

        Respectfully submitted,

*/s/ Carlotta J. Roos*
Carlotta J. Roos
Florida Bar No. 0154342
*Email:  carlotta.roos@morganlewis*.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel:  305.415.3391/Fax:  877.432.9652

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2022 a copy of the foregoing was served on all counsel of record identified on the Service List below via CM/ECF and U.S. Mail.

James P. Tarquin
Mark Dillman
JAMES P. TARQUIN, P.A.
1111 N.E. 25th Avenue, Suite 501
Ocala, Florida 34470
Telephone: (352) 401-7671
Facsimile: (352) 401-7673
**tarquinlawofficeaaol.com**

*Counsel for Plaintiff*

            */s/Carlotta J. Roos*