IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR SUMTER COUNTY, FLORIDA

FREDDY ADAMS,

   Plaintiff,

vs.                    Case No.

NEXT LEVEL HOSPITALITY
SERVICES, LLC,

   Defendants.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff, Freddy Adams (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby files this suit against Defendant, Next Level Hospitality Services, LLC (hereinafter "Defendant"), and alleges:

### NATURE OF ACTION

  1. This is an action to redress the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. 2000e, *et seq.*, and the Florida Civil Rights Act (hereinafter "FCRA"), FLA. STAT. §§ 760.01 *et seq.*

### STATUTORY PREREQUISITES TO SUIT

  2. Plaintiff has exhausted his administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein as required by Title VII and the FCRA. (*See* Exhibit A). Further, Plaintiff has performed and fulfilled all conditions precedent to maintaining the claims asserted herein as required by Title VII and the FCRA. (*See id.*).

### GENERAL ALLEGATIONS

  3. This is an action for damages in excess of thirty thousand (30,000) dollars, exclusive of interest, costs, and attorney's fees.

4. The alleged acts giving rise to this action were committed in Sumter County, Florida, within the jurisdiction of the Circuit Court for the Fifth Judicial Circuit in and for Sumter County, Florida.

5. Plaintiff is a citizen of Florida.

6. In documents filed with the Florida Department of State, Division of Corporations, Defendant identifies itself as a limited liability company and identifies 100 Challenger Road, Suite 105, Ridgefield Park, New Jersey 07660 as its principal and mailing address. Defendant has an office for transaction of its customary business, and has an agent or other representative, in Sumter County, Florida.

7. Plaintiff, who is African-American, is a member of a member of a class protected by Title VII and the FCRA against discrimination of race with respect to his compensation, terms, conditions, or privileges of employment.

8. At all times material hereto, Plaintiff was an employee of Defendant for purposes of Title VII and the FCRA. As an employee of Defendant within the meaning of Title VII and the FCRA, Plaintiff was protected against discrimination because of race with respect to the compensation, terms, conditions, or privileges of his employment.

9. At all times material hereto, Defendant was a person within in the meaning of Title VII and the FCRA engaged in an industry affecting commerce who had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, Defendant was an employer within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant was Plaintiff's employer for purposes of Title VII and the FCRA. As his employer within the meaning of Title VII and the FCRA, Defendant was prohibited from discriminating against Plaintiff because of race with respect to

the compensation, terms, conditions, or privileges of his employment.

11. Plaintiff's employment with Defendant began in July 2019. Plaintiff's employment with Defendant continued until his termination on or about December 23, 2019. During his employment with Defendant, Plaintiff worked at Defendant's facility in Wildwood, Florida and held the position of Floor Technician.

12. At all times material hereto, an individual named Gary (hereinafter "Gary") was an employee of Defendant. On information and belief, Gary's full name is Tagaryan McDuffie. Gary was a supervisor of Plaintiff, possessing immediate or successively higher supervisory authority over Plaintiff. Plaintiff's employment with Defendant, Gary worked at Defendant's facility in Wildwood, Florida.

## COUNT I: HOSTILE WORK ENVIRONMENT HARASSMENT AGAINST UNDER TITLE VII

13. Plaintiff hereby restates the allegations contained in paragraphs two through twelve as though stated fully and completely herein.

14. This claim for racial hostile work environment harassment is asserted against Defendant pursuant to Title VII.

15. During Plaintiff's employment with Defendant, Plaintiff was subjected to ongoing and persistent harassment because of his race by Gary. The continuous pattern of race-based acts of harassment by Gary against Plaintiff included, but were not limited to: racial slurs, such as remarking that niggers are lazy, remarking that negroes are lazy, remarking that niggers do not work as hard as whites, remarking that negroes do not work as hard as whites; racially discriminatory comments, such as remarking that he prefers working with whites, remarking that blacks are unreliable, remarking that he can only rely on whites, remarking that he is the master; scrutinizing his work performance; subjecting Plaintiff to a more significant work load; requiring

Plaintiff to perform less favorable work assignments; assigning Plaintiff additional work duties; failing to provide Plaintiff with work-related assistance and cooperation; threatening Plaintiff with disciplinary action and termination.

16. The harassment of Plaintiff was unwelcome in that it was uninvited and undesired by Plaintiff. Further, Plaintiff indicated by his conduct that the harassment was unwelcome by complaining to management about the harassing behavior.

17. The harassment of Plaintiff occurred because of his race. Plaintiff was subjected to explicitly derogatory race-based behavior, including racial slurs. As such, the harassment constituted discrimination because of Plaintiff's race.

18. The harassment was so severe and/or pervasive that it discriminatorily altered the compensation, terms, conditions, or privileges of Plaintiff's employment by creating a work environment which Plaintiff perceived as hostile or abusive. Plaintiff felt uncomfortable, humiliated, and intimidated at work. Thus, the harassing behavior was offensive to him personally and directly affected his working environment.

19. Defendant knew and/or should have known of the harassing behavior against Plaintiff. Defendant had actual knowledge because Plaintiff complained to management about the harassment. Further, under the totality of circumstances, the continuous harassment of Plaintiff was so pervasive as to provide Defendant with constructive knowledge of the harassment. Despite having actual and/or constructive knowledge of the harassment against Plaintiff, Defendant unreasonably failed to take immediate and appropriate remedial action to stop the harassment and prevent such behavior from recurring against Plaintiff. In allowing the harassment to continue unabated in its frequency and severity despite its knowledge of the harassment, Defendant tolerated and condoned the harassment. As such, Defendant is directly liable for the hostile work environment harassment because of its failure to take prompt and

effective remedial action after receiving notice of the harassing behavior.

20. Because Gary was a supervisor of Plaintiff, with immediate or successively higher supervisory authority over him, Defendant is vicariously liable for the hostile work environment harassment. Further, Defendant is automatically vicariously liable for the hostile environment harassment because the harassment culminated in the taking of tangible employment action against Plaintiff. More specifically, the harassment resulted in tangible employment action against Plaintiff in the form of termination of his employment on or about December 23, 2019. The tangible employment action taken against Plaintiff constitutes the act of Defendant.

21. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

22. The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under Title VII. In particular, Title VII forbids discrimination against any employee because of race with respect to the terms, conditions, or privileges of employment.

23. The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

24. If Plaintiff prevails on his Title VII claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for

reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Defendant from engaging in any such unlawful employment practice under Title VII; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

### COUNT II: HOSTILE WORK ENVIRONMENT HARASSMENT AGAINST UNDER FCRA

25. Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through twenty, as though stated fully and completely herein.

26. This claim for racial hostile work environment harassment is asserted against Defendant pursuant to the FCRA.

27. By and through acts alleged more specifically in Count I, Defendant intentionally discriminated against Plaintiff because of his race with respect to the compensation, terms, conditions, or privileges of his employment.

28. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

29. The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under the FCRA. In particular, the FCRA forbids discrimination against any employee because of race with respect to the terms, conditions, or privileges of employment.

30. The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

31. If Plaintiff prevails on his FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an award of prejudgment and postjudgment interest on the damages award; an order enjoining Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT III: RACE DISCRIMINATION UNDER TITLE VII

32. Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through eighteen, as though stated fully and completely herein.

33. This claim for race discrimination is asserted against Defendant pursuant to Title VII

34. During his employment with Defendant, Plaintiff possessed the skills and background necessary to perform the duties of a Floor Technician. Moreover, because Defendant hired or selected Plaintiff for the position of Floor Technician after evaluating his qualifications and determining that Plaintiff possessed the requisite qualifications, Plaintiff demonstrated that he possessed the skills and background necessary to perform the duties of the position. As such, Plaintiff was qualified for the position.

35. During his employment with Defendant, Defendant intentionally discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment because of his race. The discrimination against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment because of his race included subjecting him to abusive treatment and differing terms and conditions of employment. Defendant's unfavorable and disparate treatment of Plaintiff because of his race included, but was not limited to: scrutinizing his work performance; subjecting him to a more significant work load; requiring him to perform less favorable work assignments; assigning him additional work duties; failing to provide him with work-related assistance and cooperation; targeting him for termination; threatening him with disciplinary action and termination; denying him a bonus; denying him promotion to a manager position; denying him training; subjecting me to unequal pay; failing to conduct a good-faith, reasonable investigation in response to his complaining about racial discrimination in the workplace; subjecting him to different and harsher work rule standards. In targeting Plaintiff for abusive and unfavorable treatment because of his race, and treating Plaintiff differently and less favorably from similarly situated employees outside his protected race class, Defendant subjected Plaintiff to racial discrimination.

36. Defendant's discriminatory treatment of Plaintiff because of his race culminated in his termination on or about December 23, 2019. The termination of Plaintiff's employment constitutes an adverse employment action within the meaning of Title VII and the FCRA.

37. After Defendant terminated his employment, Plaintiff was replaced by a person outside of his protected class under Title VII and the FCRA.

38. The discriminatory actions of Defendant against Plaintiff, when considered individually and/or collectively, constitute adverse employment actions for purposes of Title VII and the FCRA. In particular, the discriminatory actions by Defendant against Plaintiff

constituted an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status an employee. As such, Defendant's discriminatory actions against Plaintiff constitute adverse employment actions for purposes of Title VII and the FCRA.

39. Defendant subjected Plaintiff to adverse employment action because of his race.

40. In taking adverse employment action against Plaintiff because of his race, Defendant intentionally discriminated against Plaintiff because of his race with respect to the compensation, terms, conditions, or privileges of his employment.

41. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

42. The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under Title VII. In particular, Title VII forbids discrimination against any employee because of race with respect to the compensation, terms, conditions, or privileges of employment.

43. The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

44. If Plaintiff prevails on his Title VII claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment

benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Defendant from engaging in any such unlawful employment practice under Title VII; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT IV:  RACE DISCRIMINATION UNDER FCRA

45. Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through eighteen and paragraphs thirty-four through forty, as though stated fully and completely herein.

46. This claim for race discrimination is asserted against Defendant pursuant to the FCRA.

47. By and through acts alleged more specifically in Count III, Defendant intentionally discriminated against Plaintiff because of his race with respect to the compensation, terms, conditions, or privileges of his employment.

48. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

49. The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under the FCRA.  In particular, the FCRA forbids discrimination against any employee because of race with respect to the terms, conditions, or privileges of employment.

33. The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

50. If Plaintiff prevails on his FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an award of prejudgment and postjudgment interest on the damages award; an order enjoining Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

### COUNT V: RETALIATION UNDER TITLE VII

51. Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through eighteen and paragraph thirty-five, as though stated fully and completely herein.

52. This claim for retaliation is asserted against Defendant pursuant to Title VII.

53. Title VII and the FCRA prohibit employers, such as Defendant, from taking adverse employment action against employees in retaliation for their engaging in statutorily protected activity under Title VII and the FCRA.

54. As an employee of Defendant, Plaintiff was protected against retaliatory adverse employment action for engaging in statutorily protected activity under Title VII and the FCRA. More specifically, Plaintiff was protected against retaliatory adverse employment action for opposing any practice of Defendant made an unlawful employment practice by Title VII and the

FCRA.

55. During his employment with Defendant, Plaintiff engaged in statutorily protected activity by complaining to management about the racial discriminatory behavior in the workplace. In opposing the discriminatory conduct in the workplace, Plaintiff had a good faith, reasonable belief that he had been or was being subjected to unlawful racial discrimination. As such, Plaintiff engaged in statutorily protected activity within the meaning of Title VII and the FCRA.

56. After Plaintiff engaged in statutorily protected activity within the meaning of Title VII and the FCRA, Defendant adopted a pattern of subjecting Plaintiff to antagonistic and retaliatory behavior because of his statutorily protected activity within the meaning of Title VII and the FCRA, including, but not limited to: subjecting him to a more significant work load; requiring him to perform less favorable work assignments; assigning me additional work duties; failing to provide him with work-related assistance and cooperation; targeting him for termination; denying him a bonus; denying him promotion to a manager position; failing to conduct a reasonable, good-faith investigation in response to his complaining about racial discrimination in the workplace; subjecting him to different and harsher work rule standards.

57. Defendant's antagonistic and retaliatory behavior against Plaintiff for engaging in statutorily protected activity within the meaning of Title VII and the FCRA culminated in Plaintiff's termination on or about December 23, 2019.

58. The reprisals of Defendant against Plaintiff, when considered individually and/or collectively, constitute adverse employment actions for purposes of Title VII and the FCRA. In particular, the actions constituted an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status an employee. Further, the retaliatory actions were reasonably likely to deter employees

from engaging in protected activity. As such, the retaliatory actions constitute adverse employment actions for purposes of Title VII and the FCRA.

59. Defendant was aware of Plaintiff's statutorily protected activity within the meaning of Title VII and the FCRA when it subjected him to adverse employment action. More specifically, Plaintiff was subjected to adverse employment action after he engaged in statutorily protected activity within the meaning of Title VII and the FCRA, including after Plaintiff engaged in statutorily protected activity within the meaning of Title VII and the FCRA in November 2019.

60. Defendant subjected Plaintiff to adverse employment action because of his statutorily protected activity within the meaning of Title VII and the FCRA.

61. In taking adverse employment action against Plaintiff because of his statutorily protected activity within the meaning of Title VII and the FCRA, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

62. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

63. The aforementioned intentional discriminatory acts of Defendant give rise to a cause of action under Title VII. In particular, Title VII prohibits an employer from taking retaliatory adverse employment action against employees who, just like Plaintiff did, engage in statutorily protected activity within the meaning of Title VII.

64. The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

65. If Plaintiff prevails on his Title VII claim, resulting in vindication of his civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to Title VII.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under Title VII; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Defendant from engaging in any such unlawful employment practice under Title VII; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT VI: RETALIATION UNDER FCRA

66. Plaintiff hereby restates the allegations contained in paragraphs two through twelve, along with the allegations in paragraphs fifteen through eighteen, paragraph thirty-five, and paragraphs fifty-three through sixty-one, as though stated fully and completely herein.

67. This claim for retaliation asserted against Defendant pursuant to the FCRA.

68. By and through acts alleged more specifically in Count V, Defendant intentionally discriminated against Plaintiff for engaging in statutorily protected activity under the FCRA.

69. As a proximate result of the aforementioned intentional discriminatory acts of Defendant, Plaintiff has suffered damages, including, but not limited to, the following: lost wages and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

70. The aforementioned intentional discriminatory acts of Defendant give rise to a

cause of action under the FCRA. In particular, the FCRA prohibits an employer from taking retaliatory adverse employment action against employees who, just like Plaintiff did, engage in statutorily protected activity within the meaning of the FCRA.

71. The aforementioned intentional discriminatory acts of Defendant were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

72. If Plaintiff prevails on his FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an award of prejudgment and postjudgment interest on the damages award; an order enjoining Defendant from engaging in any such unlawful employment practice under the FCRA, and for any other affirmative action or equitable relief as the Court deems appropriate; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands pursuant to FLA. R. CIV. P. 1.430 a trial by jury on all issues so triable.

Dated: September 17, 2021                                    Respectfully submitted,

/ s / James Tarquin
James P. Tarquin
Florida Bar No. 906190
Mark Dillman
Florida Bar No. 0276250
JAMES P. TARQUIN, P.A.
1111 N.E. 25th Avenue, Suite 501
Ocala, Florida 34470
Telephone: (352) 401-7671
Facsimile: (352) 401-7673
tarquinlawoffice@aol.com
Attorneys for Plaintiff

**EXHIBIT A**

EEOC Form 161 (11/2020)   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Freddy Adams**
13205 Nw 157th Avenue
Alachua, FL 32615

From: **Miami District Office**
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2020-03479 | Frank C. Hernandez, Investigator | (786) 648-5824 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marissa Cosculluela
Digitally signed by Marissa Cosculluela
Date: 2021.08.17 06:44:18 -04'00'

08/17/2021
(Date Issued)

Enclosures(s)

For: Paul V. Valenti,
District Director

cc: **Boyd Richards Parker & Colonnelli, PL**
Kyle T. Berglin, Esq.
100 S.E. 2nd Street
Suite 2600
Miami, FL 33131

**James P. Tarquin. P.A.**
James Tarquin
1111 NE 25th Ave Suite 501
Ocala, FL 34470