UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FREDDY ADAMS,

          Plaintiff,

vs.

NEXT LEVEL HOSPITALITY
SERVICES, LLC,

          Defendant.

CASE NO. 22-cv-00045

## DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Next Level Hospitality Services, LLC ("Next Level" or "Defendant"), hereby files its Answer, Defenses, and Affirmative Defenses, responding by corresponding numbers to each of the numbered paragraphs of the Complaint ("Complaint") filed by Plaintiff Freddy Adams ("Plaintiff" or "Adams"). For convenience, Defendant uses the same headings used by Plaintiff in his Complaint:

## NATURE OF ACTION

1.    Defendant admits that Plaintiff purports to bring an action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FRCA"), but denies that Plaintiff is entitled to relief under any theory or statute.

**STATUTORY PREREQUISITES TO SUIT**

2.      Defendant admits, upon information and belief, that the EEOC issued a Dismissal and Notice of Rights to Sue to Plaintiff, which is dated August 17, 2021, and is a document that is in writing and speaks for itself. Defendant also admits that Plaintiff initiated this action within 90 days of the date on the Dismissal and Notice of Rights to Sue.  The allegations contained in Paragraph 2 of the Complaint regarding the Court's jurisdiction over this matter constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

**GENERAL ALLEGATIONS**

3.      Defendant admits that Plaintiff purports to bring an action involving claims in excess of thirty thousand dollars ($30,000.00), but denies that Plaintiff is entitled to relief under any theory or statute.

4.      Defendant admits that Plaintiff was employed by and worked for Next Level in Wildwood, Florida, which lies within the Middle District of Florida. The remaining allegations are denied.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's current citizenship, and, therefore that allegation is denied.

6.      Defendant admits that its principal place of business is in New Jersey and also that it regularly conducts business in Florida.

7.     Defendant does not contest  that Plaintiff is African American. The allegations contained in Paragraph 7 of the Complaint characterizing Title VII constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

8.     Defendant admits that Plaintiff was employed as a Floor Technician at Next Level from September 23, 2019 until December 26, 2019. Defendants deny the remaining allegations in Paragraph 8 as conclusions of law to which no responsive pleading is required.

9.     Defendant admits only that Next Level is a Delaware corporation with its principal place of business located at 100 Challenger Road, Suite 105, Ridgefield Park, New Jersey.  The allegation as to whether Next Level is an "employer" under applicable state and federal law constitutes a conclusion of law to which no responsive pleading is required, and, therefore, is denied. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.    The allegation as to whether Next Level is an "employer" under applicable state and federal law constitutes a conclusion of law to which no responsive pleading is required, and, therefore, is denied.

11.    It is admitted that Plaintiff was employed by Next Level from September 23, 2019 until December 26, 2019. It is denied that Plaintiff began working for Next Level in July of 2019 as alleged in the Complaint.

12.    It is admitted only that Tagaryan McDuffie was a Next Level employee in Wildwood, Florida, holding the position of Environmental Services Manager.

## COUNT I – HOSTILE WORK ENVIRONMENT
## HARASSMENT UNDER TITLE VII

13.    Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

14.    The allegations contained in Paragraph 14 of the Complaint regarding Title VII constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    The allegations contained in Paragraph 19 of the Complaint constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

20.    It is admitted only that Plaintiff was terminated on December 26, 2019. The remaining allegations constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

21.    Denied. Defendant admits that the Complaint purports to assert claims for discrimination under Title VII but deny that they have engaged in any discriminatory employment practice or other unlawful conduct, and further deny that Plaintiff is entitled to relief under any theory or statute.

22.    The allegations contained in Paragraph 22 of the Complaint regarding Title VII constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

23.    Denied and further denied as conclusions of law to which no responsive pleading is required, and, therefore, are denied.

24.    Denied. Defendant admits that the Complaint purports to assert claims for discrimination under Title VII but deny that they have engaged in any discriminatory employment practice or other unlawful conduct, and further deny that Plaintiff is entitled to relief under any theory or statute.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including attorney's fees and the other remedies described and relief requested in the foregoing "WHEREFORE" paragraph of the Complaint and its included subparagraphs.

## COUNT II – HOSTILE WORK ENVIRONMENT
## <u>HARASSMENT UNDER FRCA</u>

25.     Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

26.     The allegations contained in Paragraph 26 of the Complaint regarding the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

27.     Denied.

28.     Denied as conclusions of law to which no responsive pleading is required, and, therefore, are denied.

29.     Denied. Defendant admits that the Complaint purports to assert claims for discrimination under the FRCA, but denies engaging in any discriminatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

30.     Denied.

31.     The allegations contained in Paragraph 32 of the Complaint regarding the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including attorney's fees and the other remedies described and relief

requested in the foregoing "WHEREFORE" paragraph of the Complaint and its included subparagraphs.

## COUNT III – RACE DISCRIMINATION UNDER TITLE VII

32. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

33. The allegations contained in Paragraph 33 of the Complaint regarding Title VII constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

34. Defendant admits only that Plaintiff was employed as a Floor Technician at Next Level from September 23, 2019 until December 26, 2019. Any characterization of his qualifications or job performance is denied.

35. Denied.

36. It is admitted only that Plaintiff was terminated on December 26, 2019. The remaining allegations constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

37. Denied. Plaintiff's replacement was African American.

38. The allegations contained in Paragraph 38 of the Complaint regarding Title VII and the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

39. Denied.

7

40.   The allegations contained in Paragraph 40 of the Complaint regarding Title VII constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

41.   Denied as conclusions of law to which no responsive pleading is required, and, therefore, are denied.

42.   Denied as conclusions of law to which no responsive pleading is required, and, therefore, are denied.

43.   Defendant denies that they have engaged in any discriminatory employment practice or other unlawful conduct and further deny the characterization of allowable relief as a conclusion of law to which no responsive pleading is required.

44.   Denied. Defendant admits that the Complaint purports to assert claims for discrimination under Title VII but denies engaging in any discriminatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including attorney's fees and the other remedies described and relief requested in the foregoing "WHEREFORE" paragraph of the Complaint and its included subparagraphs.

## COUNT IV – RACE DISCRIMINATION UNDER FRCA

45.     Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

46.     The allegations contained in Paragraph 46 of the Complaint regarding the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

47.     Denied.

48.     Denied. Defendant admits that the Complaint purports to assert claims for discrimination under the FRCA but denies engaging in any discriminatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

49.     Denied. Defendant admits that the Complaint purports to assert claims for discrimination under the FRCA but denies engaging in any discriminatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

33.[1]     Defendant denies engaging in any discriminatory employment practice or other unlawful conduct and further denies the characterization of allowable relief as a conclusion of law to which no responsive pleading is required.

---

[1] Plaintiff's Complaint contains a non-sequentially numbered Paragraph 33.

50.     Denied. Defendant admits that the Complaint purports to assert claims for discrimination under the FRCA but denies engaging in any discriminatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including attorney's fees and the other remedies described and relief requested in the foregoing "WHEREFORE" paragraph of the Complaint and its included subparagraphs.

## COUNT V – RETALIATION UNDER TITLE VII

51.     Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

52.     The allegations contained in Paragraph 46 of the Complaint regarding Title VII constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

53.     The allegations contained in Paragraph 53 of the Complaint regarding Title VII and the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

54.     The allegations contained in Paragraph 54 of the Complaint regarding Title VII and the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

55.    The allegations contained in Paragraph 53 of the Complaint regarding Title VII and the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

56.    Denied. Defendant admits that the Complaint purports to assert claims for retaliation under Title VII the FRCA but denies engaging in any retaliatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

57.    Denied. Defendant admits that the Complaint purports to assert claims for retaliation under Title VII the FRCA but denies engaging in any retaliatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

58.    The allegations contained in Paragraph 58 of the Complaint regarding Title VII and the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied. Defendant specifically denies engaging in any retaliatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

59.    The allegations contained in Paragraph 59 of the Complaint regarding Title VII and the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied. Defendant specifically denies engaging in any retaliatory employment practice or other

unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

60.     Denied.

61.     The allegations contained in Paragraph 61 of the Complaint regarding Title VII and the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied. Defendant specifically denies engaging in any retaliatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

62.     Denied. Defendant admits that the Complaint purports to assert claims for retaliation under Title VII and the FRCA but denies engaging in any retaliatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

63.     The allegations contained in Paragraph 63 of the Complaint characterizing Title VII constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

64.     Defendant denies engaging in any retaliatory employment practice or other unlawful conduct and further denies the characterization of allowable relief as a conclusion of law to which no responsive pleading is required.

65.    Denied. Defendant admits that the Complaint purports to assert claims for retaliation under Title VII but denies engaging in any retaliatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including attorney's fees and the other remedies described and relief requested in the foregoing "WHEREFORE" paragraph of the Complaint and its included subparagraphs.

## COUNT VI – RETALIATION UNDER THE FRCA

66.    Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

67.    The allegations contained in Paragraph 67 of the Complaint regarding the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

68.    The allegations contained in Paragraph 68 of the Complaint regarding the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

69.    Denied. Defendant admits that the Complaint purports to assert claims for discrimination under the FRCA but denies engaging in any discriminatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

70.     The allegations contained in Paragraph 70 of the Complaint regarding the FRCA constitute conclusions of law to which no responsive pleading is required, and, therefore, are denied.

71.     Defendant denies engaging in any discriminatory employment practice or other unlawful conduct and further denies the characterization of allowable relief as a conclusion of law to which no responsive pleading is required.

72.     Denied. Defendant admits that the Complaint purports to assert claims for discrimination under the FRCA but denies engaging in any discriminatory employment practice or other unlawful conduct, and further denies that Plaintiff is entitled to relief under any theory or statute.

Defendant denies that Plaintiff is entitled to any relief whatsoever, including attorney's fees and the other remedies described and relief requested in the foregoing "WHEREFORE" paragraph of the Complaint and its included subparagraphs.

## DEMAND FOR TRIAL BY JURY

Defendant admits that Plaintiff demands a trial by jury but denies that Plaintiff's claims give rise to any triable issues.

## GENERAL DENIAL

Defendant denies all allegations in Plaintiff's Complaint not specifically admitted herein and denies that Plaintiff is entitled to any relief whatsoever,

including but not limited to the relief requested and remedies described in the Complaint's "WHEREFORE" paragraphs.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that otherwise rests with Plaintiff, Defendant sets forth the following affirmative and other defenses:

1.     Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, because Next Level has had in place clear and well-disseminated policies against discrimination based on race, and other protected classifications and policies against retaliation, which provide for prompt and effective, responsive action. Next Level exercised reasonable care to prevent a promptly correct any allegedly discriminatory or retaliatory conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Next Level or to otherwise avoid harm.

3.     Plaintiff's claims for retaliation are barred because he did not engage in protected conduct.

4.     To the extent Plaintiff engaged in protected conduct (which Defendant denies), Plaintiff's claims for retaliation are barred because Next Level's conduct towards Plaintiff was unrelated to his allegedly protected conduct.

5.     Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons and were based upon reasonable factors other than Plaintiff's alleged race, or any alleged protected activity by Plaintiff, and because Plaintiff cannot show that he was meeting legitimate expectations to show a causal connection between any alleged protected activity and any alleged adverse employment action.

6.     Defendant denies that any Next Level employees or agents, acting within the course and scope of their employment or agency, violated any statute, regulation, constitutional provision, common law or public policy or caused any damage or injury to Plaintiff.  Any unlawful conduct allegedly engaged in by Next Level employees, supervisory or otherwise, was outside the scope of their employment and was contrary to Next Level's efforts to comply with any and all applicable laws.

7.     Good-faith compliance with the law by Defendant precludes Plaintiff from recovering punitive damages.

8.     Defendant cannot be liable for punitive damages because Next Level have not engaged in any conduct of a reckless, malicious or egregious nature.

9.     An award of punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of

Next Level's due process and other rights under the United States Constitution.

10.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies and/or satisfy other procedural requirements.

11.   Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

12.   Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the EEOC.

13.   Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine.

14.   To the extent that Plaintiff has suffered any injuries, which is denied, Plaintiff failed to minimize or mitigate his damages.  Any damages claimed by Plaintiff must be reduced to the extent he has in fact earned amounts in mitigation of her damages.

15.   Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, waiver, and/or other equitable defenses.

16.   Defendant reserves the right to assert additional defenses as discovery reveals further information or as Plaintiff's claims are clarified.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully pray that this Court enter judgment in Defendant's favor and against Plaintiff, dismiss Plaintiff's Complaint in its entirety, and award Defendant its costs incurred in this action, including attorney's fees, and order such other and further relief as the Court deems just and proper.

Dated: February 1, 2022.

Respectfully submitted,

*/s/ Kimberley E. Lunetta*

Kimberley E. Lunetta
Florida Bar No. 1026812
Email: kimberley.lunetta@morganlewis.com
Carlotta J. Roos
Florida Bar No. 0154342
Email: carlotta.roos@morganlewis.com
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel: 305.415.3000/Fax: 877-432-3001

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kimberley E. Lunetta*
Kimberley E. Lunetta

## SERVICE LIST

**James Patrick Tarquin**
Florida Bar No. 906190
**Mark Dillman**
Florida Bar No. 0276250
Law Office of James P. Tarquin
Suite 501
1111 NE 25th Ave
Ocala, FL 34470
352/401-7671
352/401-7673 (fax)
TarquinLawOffice@aol.com

*Counsel for Plaintiff*
**Via CM/ECF**